UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE CO. OF
AMERICA, as Subrogee of
GRACELAND FRUIT, INC.,                                      Case No. 1:04-CV-385

    Plaintiff,

and                                                                                  Hon. Richard Alan Enslen

GRACELAND FRUIT, INC.

    Plaintiff/Counter-Defendant,

v.

KIC CHEMICALS, INC.,

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

CFC, INC., d/b/a COLUMBUS FOODS
CO., INC. or COLUMBUS FOODS CO.,

    Third-Party Defendant/
    Third-Party Plaintiff,

v.

ARCHER DANIELS MIDLAND CO.,                        **PARTIAL JUDGMENT**

    Third-Party Defendant.
_____/

      This matter is before the Court on Third-Party Defendant Archer Daniels Midlands Co.'s Motion for Summary Judgment to Dismiss Third-Party Plaintiff Columbus Foods Company, Inc.'s Complaint. Defendants move pursuant to Federal Rule of Civil Procedure 56. The Motion has been fully briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR 7.2(d).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the evidence filed shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In assessing evidence, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In the present case, it is clear from Columbus Foods Company, Inc.'s ("Columbus") Response that summary judgment is appropriate. Columbus admits in its Response that Archer Daniels Midlands Co. has "definitively established that Third-Party Plaintiff Columbus Foods, can point to no manner in which Archer Daniels breached any contract with Columbus Foods, breached any implied warranties, was negligent, or is responsible for indemnification or contribution to any liability which Columbus Foods may be subjected in this lawsuit." (Mot. at 3 & Resp. at 2.) In light of Columbus' assertion, the Court finds there is no genuine issue as to any material fact. Therefore, it is clear Third-Party Defendant Archer Daniels Midlands Co. is entitled to a judgment as a matter of law as to all Counts in the Complaint. Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant Archer Daniels Midlands Co.'s Motion for Summary Judgment (Dkt. No. 153) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Third-Party Complaint against Third-Party Defendant Archer Daniels Midlands Co. (Dkt. No. 119) is **DISMISSED WITH PREJUDICED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>April 16, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |