UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE CO. OF
AMERICA, as Subrogee of
GRACELAND FRUIT, INC.,                              Case No. 1:04-CV-385

    Plaintiff,

and                                                 Hon. Richard Alan Enslen

GRACELAND FRUIT, INC.

    Plaintiff/Counter-Defendant,

v.

KIC CHEMICALS, INC.,

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

CFC, INC., d/b/a COLUMBUS FOODS
CO., INC. or COLUMBUS FOODS CO.,

    Third-Party Defendant.                          **ORDER**
_____/

    This matter is before the Court on Plaintiff Citizens Insurance Company of America and Plaintiff/Counter-Defendant Graceland Fruit, Inc.'s Motion to Correct Judgment and to Relieve Citizens Insurance Company of America from Judgment. Plaintiffs move pursuant to Federal Rule of Civil Procedure 60(a).

    Pursuant to Rule 60(a), "[c]lerical mistakes in judgments, orders or others parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . " Fed. R. Civ. P. 60(a); *see In re Walter*, 282 F.3d 434, 440-41 (6th Cir. 2002) (holding a court acts properly under Rule 60(a) when it "is necessary to

correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.") (citation omitted). Plaintiffs contend that because Defendant KIC Chemicals, Inc.'s ("KIC") counterclaim for breach of contract was solely against Plaintiff Graceland Fruit, Inc. ("Graceland"), the Court erred in its Judgment by stating both Plaintiffs were liable for that breach and appropriate post-judgment interest. (*See* Dkt. No. 200.) It was also clerical error to include Defendant Citizens Insurance in the sixth paragraph which ordered attorneys fees, as liability arose for those fees from the breached contract between KIC and Graceland. (*See* Op. at 11.)

The Court agrees KIC's counterclaim for breach of contract was solely against Graceland. (Dkt. No. 6.) KIC argues Plaintiff Citizens Insurance is a liable party because it is a subrogee of Graceland and a party to the action and as a result there was no clerical error. However, KIC has not provided, nor can the Court find any case law which supports holding an unnamed party liable in a counterclaim. Accordingly, the Court finds it committed a clerical error in the fifth paragraph of its Judgment by stating Plaintiff Citizens Insurance shall be liable for that breach. It was also clerical error to include Defendant Citizens Insurance in the sixth paragraph which ordered attorneys fees. Therefore, relief pursuant to Rule 60(a) is appropriate and the Court shall amend the Judgment to reflect that only Graceland shall pay KIC the sum of $5,610.00 plus appropriate post-judgment interest as determined in accordance with 28 U.S.C. § 1961 and reasonable attorney fees in accordance with Federal Rule of Civil Procedure 54. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Correct Judgment and to Relieve Citizens Insurance Company of America from Judgment (Dkt. No. 209) is **GRANTED**.

**IT IS FURTHER ORDERED** that an Amended Judgment shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 19, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |